(Pleito No. 169.—Fallado en 31 de Enero de 1902.)

LÓPEZ ARIAS contra EL REGISTRADOR DE LA PROPIEDAD.

SOLICITUD de un *Mandamus.*

REVOCACIÓN DE UNA ESTIPULACIÓN DE UN TERCERO, EN UN CONTRATO. Una estipulación en favor de un tercero, contenida en un contrato, puede revocarse en cualquier tiempo antes de su aceptación por la persona en cuyo favor se hizo.

RESOLUCIÓN.

Puerto Rico, Enero treinta y uno de mil novecientos dos.—Visto el presente recurso gubernativo interpuesto por Don Francisco López Arias y Cuveljé contra negativa del Registrador de la Propiedad de Caguas á inscribir la escritura de venta de una casa.—Resultando: Que, por escritura

pública otorgada en la villa de Caguas ante el Notario de la misma Don Francisco Jiménez Prieto en primero de Octubre de mil ochocientos noventa y uno, Don Ulises Fernández y Fuertes vendió á Doña Emilia Marién y Lebrón una casa de su propiedad, terrera, de maderas del país y cubierta de tejas de barro, sita en la calle de Luchana, de la misma población, en precio y cantidad de cien pesos moneda corriente, que confesó recibidos, y en cuyo acto Don Lope Mª Delgado, que había asistido al otorgamiento de dicha escritura para aceptarla como mandatario verbal de la compradora Doña Emilia Marién, manifestó á nombre de ésta, que hacía la compra á condición de que al fallecimiento de su mandante adquiriría la casa su hija natural Doña Luisa ó sus sucesores; pero que ni ésta ni sus herederos podrían disponer de ella sin el consentimiento ó autorización de Doña Ramona Marién y su esposo, el compareciente Don Lope Mª Delgado, aceptante de dicha escritura; con cuya condición, que fué ratificada después por la Doña Emilia, por acta notarial otorgada en la propia villa y ante el mismo Notario, en ocho de Febrero de mil ochocientos noventa y dos, se inscribió la casa en el Registro de la Propiedad á favor de la expresada Doña Emilia Marién.—Resultando: Que posteriormente, ó sea por otra acta notarial, otorgada en la misma villa de Caguas ante el mismo Notario en nueve de Agosto de mil ochocientos noventa y seis, la Doña Emilia Marién revocó la condición que había impuesto en la escritura de compra-venta de la casa de referencia á favor de su hija natural Doña Luisa, queriendo que se hiciera la cancelación correspondiente en el Registro de la Propiedad; y por otra escritura otorgada en la misma Ciudad de Caguas y ante el Notario Don Juan Vías Ochoteco, en veinte y cuatro de Septiembre del año próximo pasado, vendió la casa citada á Don Francisco López Arias y Cuveljé, en precio de ciento cincuenta pesos moneda americana, que recibió la vendedora en el acto del otorgamiento, y que presentada dicha escritura para su inscripción en el Registro

de la Propiedad en unión del acta notarial otorgada por la misma Doña Emilia en nueve de Agosto de mil ochocientos noventa y seis, la denegó el Registrador, según nota puesta al pie de la misma escritura, por "hallar el defecto de no estar inscrita la propiedad de la finca vendida por el mismo á nombre de la vendedora, y no pareciendo subsanable dicha falta, no es admisible tampoco la inscripción haciendo constar dicho defecto."—Resultando: Que notificada la precedente nota al presentante del documento, y no estando conforme con la negativa del Registrador, la remitió éste para la resolución correspondiente á este Tribunal Supremo, con su informe, en unión del cual acompañó una certificación literal expedida por el mismo del asiento relativo á la inscripción de la casa de que se trata á favor de Doña Emilia Marién en el Registro de la Propiedad, de la que aparece haberse mencionado en la inscripción la condición impuesta á favor de su hija Doña Luisa, sin que aparezca haber sido cancelada en el Registro.—Resultando: Que también ha comparecido ante este Tribunal Supremo el comprador de la casa Don Francisco López Arias y Cuveljé estableciendo en forma el presente recurso gubernativo contra la calificación del Registrador, y pidiendo se revoque y se le mande extender la inscripción de la casa á favor del recurrente, con las costas, daños y perjuicios al Registrador.—Siendo Ponente el Presidente del Tribunal Don José S. Quiñones.—Considerando: Que la reserva establecida por Doña Emilia Marién en favor de su hija natural Doña Luisa en la escritura de compra-venta de primero de Octubre de mil ochocientos noventa y uno, y de la que en cumplimiento de lo que ordena el artículo 7º de la Ley Hipotecaria vigente se hizo mención en la inscripción de dicha finca á favor de la compradora en el Registro de la Propiedad, está virtualmente comprendida dentro del precepto del artículo 1,857 del Código Civil, en cuyo segundo párrafo se establece que "si el contrato contuviere alguna estipulación en favor de un tercero, éste podrá exigir su cumplimiento siempre que hubiese hecho

saber su aceptación al obligado antes de que haya sido aquélla revocada;" de donde se deduce que dicha reserva ha podido ser válidamente revocada por Doña Emilia Marién antes de haber sido aceptada por su hija natural Doña Luisa, que no consta la haya aceptado en ninguna forma.—Considerando: Por tanto, que revocada como lo ha sido la reserva de que se trata, ha cesado el único inconveniente que se oponía á la inscripción de la casa á favor del recurrente Don Francisco López Arias y Cuveljé. —Se revoca la nota denegatoria puesta por el Registrador de la Propiedad de Caguas al pie de la escritura de compraventa de que se trata en el presente recurso; y el Registrador practique la inscripción de la citada escritura en la forma que corresponda, sin especial condenación de costas.— Y con devolución de los documentos presentados, remítase al Registrador de la Propiedad de Caguas copia certificada de la presente resolución, que se publicará además en la *Gaceta Oficial*, para su cumplimiento y demás efectos.— Lo acordaron y firman los señores del Tribunal Supremo, de que certifico.

José S. Quiñones.—José C. Hernández.—Jose M<sup>a</sup> Figueras.—Louis Sulzbacher.—J. H. McLeary.—E. de J. López Gaztambide, *Secretario*.